NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILTHIA JACQUELIN JIMENEZ RODRIGUEZ, AKA Jacqueline Jimenez Rodriguez, | No. 14-70235 |
| Petitioner, | Agency No. A205-139-864 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Silthia Jacquelin Jimenez Rodriguez, a native and citizen of Honduras,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

In denying Jimenez Rodriguez's asylum and withholding of removal claims, the BIA relied on the social group, "individuals fearing drug violence," identified by the IJ. In her notice of appeal to the BIA, Jimenez Rodriguez failed to contest the IJ's formulation of this social group or identify an alternative proposed social group. We lack jurisdiction to review the particular social group Jimenez Rodriguez presents for the first time in her opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Substantial evidence supports the agency's conclusion that Jimenez Rodriguez failed to establish that a protected ground is one central reason for the harm she fears in Honduras. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008) (under the REAL ID Act, petitioner must prove a protected ground is 'one central reason' for the persecution); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (rape and murder of aunt by government politician in El Salvador was personal dispute).

Substantial evidence supports the BIA's determination that Jimenez Rodriguez did not establish that it is more likely than not she would be tortured if

returned to Honduras.   *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir.

2013).

**PETITION FOR REVIEW IS DISMISSED in part; DENIED in part.**